**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ULSTER
----------------------------------------------------------------x
LINDA ST. PIERRE AS ADMINISTRATRIX OF THE
ESTATE OF LAURENCE ASHTON, DECEASED

Plaintiff/Petitioner,

- against -                                          Index No.EF2023-145

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE
PINES AT POUGHKEEPSIE CENTER FOR

Defendant/Respondent.
----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

> - serving and filing your documents electronically

> - free access to view and print your e-filed documents

> - limiting your number of trips to the courthouse

> - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 1-19-23 _____

JEFFREY A. GUZMAN, ESQ.                    17 BATTERY PLACE SUITE 604
Name                                                      Address
KRENTSEL, GUZMAN HERBERT, LLP

       Firm Name                               NEW YORK, NY 10004


                                    Phone

                              _____
                                   E-Mail

**To:** _____

    DEFENDANTS _____

    _____

[FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM]    INDEX NO. EF2023-145

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 01/19/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

-------------------------------------------------------------------X

LINDA ST. PIERRE, as Administratrix of the Estate of
LAURENCE ASHTON, Deceased,

                         *Plaintiff(s)*,

            -against-

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES
AT POUGHKEEPSIE CENTER FOR NURSING AND
REHABILITATION,

                         *Defendant(s)*.

-------------------------------------------------------------------X

Index No.: **EF2023-145**

Date Purchased:

Plaintiff designates ULSTER
County as the place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's Residence:
151 Plains Road
New Paltz, New York

Date Filed:

To the above-named Defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

JURY TRIAL DEMANDED

DATED:      New York, New York
              January 18 , 2023

                                 Yours, etc.,

                                 Jeffrey A. Guzman, Esq.
                                 *Krensel/Guzman Herbert, LLP*
                                 Attorneys for Plaintiff
                                 17 Battery Place, Suite #604.
                                 New York, New York 10004
                                 (212) 227-2900

33

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

Defendant's Address:

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER
FOR NURSING AND REHABILITATION
100 Franklin Street
Poughkeepsie, New York 12601

31

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF ULSTER
-----------------------------------------------------------X
LINDA ST. PIERRE, as Administratrix of the Estate of
LAURENCE ASHTON, Deceased,

                              Plaintiff(s),

-against-

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE
PINES AT POUGHKEEPSIE CENTER FOR
NURSING AND REHABILITATION,
                          Defendant(s).
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff(s), by their attorneys, KRENTSEL GUZMAN HERBERT, LLP., complaining of

the Defendants, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE

CENTER FOR NURSING AND REHABILITATION, (collectively "Defendants"), upon

information and belief respectfully alleges as follows:

## INTRODUCTION

1.     The action is being commenced due to Defendants' abject and longstanding failure

to maintain a system for preventing, identifying, reporting, investigating, and controlling infections

and communicable diseases for all residents, staff, volunteers, visitors, and other individuals, and

Defendants' failure to adequately care for and protect its elderly and vulnerable residents, which

led to the death of the decedent, LAURENCE ASHTON, from COVID-19 (known colloquially as

the "coronavirus") infection on January 11, 2022.

2.     From March 20, 2017 through October 12, 2021, POUGHKEEPSIE CROSSINGS,

LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

1

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

REHABILITATION was cited by government inspectors and regulators 12 times including 3 times for failing to implement an infection control program.

3.     In addition, prior to the coronavirus emergency in New York, on February 6, 2020, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was placed on notice by Centers for Medicare and Medicaid Services that coronavirus infections can rapidly appear and spread, and that it was critical that the nursing home be prepared by planning for infectious and diseases response, including having sufficient personal protective equipment (PPE) available.

4.     However, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION failed to take proper precautions to help prevent the development of infections prior to and leading up to the COVID-19 pandemic. As a direct and foreseeable consequence of the Defendants' failure, as of January 12, 2023, there was a confirmed COVID-related death count of 28 residents who died inside POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION due to COVID-19 and 20 resident deaths outside of the facility.

5.     The claims against Defendants asserted herein are premised on violation of resident's rights laws pursuant to Public Health Law sec.2801-d, negligence and gross negligence, and wrongful death. Plaintiff also seeks recovery for punitive damages from the Defendants based upon its longstanding grossly negligent and reckless actions in failing to protect residents from harm.

## PARTIES TO THER ACTION:

2

6.    That at all times hereinafter mentioned, the Plaintiff, LINDA ST. PIERRE, is the daughter of the decedent, LAURENCE ASHTON, and is resident of the County of ULSTER, State of New York.

7.    Plaintiff, LINDA ST. PIERRE, is the Administratrix of the Estate of LAURENCE ASHTON  representing the interest of the decedent, LAURENCE ASHTON, and his Estate, in this action.

8.    At all times hereinafter mentioned, the decedent, LAURENCE ASHTON, was a resident of the County of ULSTER, State of New York

9.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York, having its principal place of business at 100 Franklin Street, Poughkeepsie, New York.

10.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York, having its principal place of business at 100 Franklin Street, Poughkeepsie, New York.

11.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was authorized to do business as a nursing home at 100 Franklin Street, Poughkeepsie, New York.

3

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

12. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, was authorized to do business as an Enhanced Housing Program Facility at 100 Franklin Street, Poughkeepsie, New York.

13. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, was authorized to do business as an Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

14. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, was authorized to do business as an Enhanced Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

15. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, was authorized to do business as a Special Needs Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

16. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owned a nursing home facility at 100 Franklin Street, Poughkeepsie, New York.

17. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

4

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

REHABILITATION owned an Enhanced Housing Program Facility at 100 Franklin Street, Poughkeepsie, New York.

18.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owned an Assisted Living Facility at 100 Franklin Street, Poughkeepsie, New York.

19.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owned an Enhanced Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

20.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owned a Special Needs Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

21.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated a nursing home facility at 100 Franklin Street, Poughkeepsie, New York.

22.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated an Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

5

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

23. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated an Enhanced Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

24. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated a Special Needs Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York.

25. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated a nursing home facility at 100 Franklin Street, Poughkeepsie, New York.

26. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION operated a nursing home facility at 100 Franklin Street, Poughkeepsie, New York.

27. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessor of a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

28. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

6

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

REHABILITATION was the lessor of an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

29.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessor of an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

30.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessor of a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

31.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessee of a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

32.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessee of an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

33.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessee of an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

7

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

34.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was the lessee of a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

35.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintained a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

36.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintained an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

37.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintained an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

38.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintained a Special Needs Assisted Living Residence facility located at 100 Franklin Street, Poughkeepsie, New York.

39.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

8

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

REHABILITATION managed a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

40.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION managed an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

41.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION managed an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

42.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION managed a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

43.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION managed a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

44.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION supervised a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

9

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

45. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION supervised an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

46. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION supervised an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

47. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION supervised a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

48. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION inspected a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

49. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION inspected a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

50. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

10

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

REHABILITATION inspected an Assisted Living Facility located at 100 Franklin Street, Poughkeepsie, New York.

51.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION inspected an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

52.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION inspected a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

53.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION controlled a nursing home facility located at 100 Franklin Street, Poughkeepsie, New York.

54.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION controlled an Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

55.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION controlled an Enhanced Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

11

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

56.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION controlled a Special Needs Assisted Living Residence located at 100 Franklin Street, Poughkeepsie, New York.

57.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conducted business as an adult care facility at 100 Franklin Street, Poughkeepsie, New York licensed and defined under New York Public Health Law §2801(2).

58.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conducted business as a nursing home facility at 100 Franklin Street, Poughkeepsie, New York licensed and defined under New York Public Health Law §2801(2).

59.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conducted business as an Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York licensed and defined under New York Public Health Law §2801(2).

60.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conducted business as an Enhanced Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York licensed and defined under New York Public Health Law §2801(2).

61.     That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND

12

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM    INDEX NO. EF2023-145

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/19/2023

REHABILITATION conducted business as a Special Needs Assisted Living Residence at 100 Franklin Street, Poughkeepsie, New York licensed and defined under New York Public Health Law §2801(2).

62.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had possession and control of the building located at 100 Franklin Street, Poughkeepsie, New York.

## STATEMENT OF FACTS

63.    New York State law, 10 NYCRR 415.1s – "Infection control requires that POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintain an infection control designed to provide a safe, sanitary, and comfortable environment in which residents reside and to help prevent the development and transmission of disease and infection, in which residents reside and to help prevent the development and transmission of diseases and infections, investigates, controls and takes actions to prevent infections in the facility and determines what procedures such as isolation and universal precautions should be utilized for an individual resident and implements the appropriate procedures.

64.    Federal law, including CFR 483.65, further mandates that POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION maintain a sufficient Infection Prevention and Control Program, and that the facility maintains and utilizes sufficient Personal Protective Equipment (PPE), including gloves, gowns and masks.

13

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

65.     In or about January 2020, and likely earlier, Defendants were made aware of severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) spreading world-wide and nationally, known colloquially as the coronavirus, that caused severe medical distress and death in individuals who contracted the disease, especially the elderly.

66.     SARS-CoV-2 is known and documented to cause debilitating and deadly disease, the Coronavirus Disease 2019 (COVID-19).

67.     COVID-19 can and has spread rapidly in long-term residential care facilities and persons with chronic underlying medical conditions are at greater risk for COVID-19.

68.     As of June 1, 2020, at least 40,600 residents and workers have died from COVID-19 at nursing homes and other long-term care facilities for older adults in the United States. As of January 30, 2021, at least 16,000 residents of long term care facilities died of COVID-19.

69.     On February 6, 2020, the Centers for Medicare & Medicaid Services (CMS) issued written memoranda to POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION advising that coronavirus infection can rapidly appear and spread, and facilities must take steps to prepare for ther, including reviewing their infection control policies and practices to prevent the spread of infection. CMS confirmed that nursing homes had prior notice, including from prior recent public health events such as Ebola virus, 2009 pandemic H1N1 influenza, and Zika outbreaks, of the critical need for nursing homes to be prepared with appropriate personal protective equipment (PPE) use and availability, such as gloves. Gowns. Respirators, and eye protection.[1]

---

[1] *Information for Healthcare Facilities Concerning 2019 Novel Coronavirus Illness (2019-nCov)* https://www.cms.gov/files/documents/qso-20-09-all.pdf.

14

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

70.     On or about January 1, 2019, through on or about January 11, 2022, Plaintiff's decedent LAURENCE ASHTON was admitted to Defendant's facility, and during his admission, was infected with SARS-CoV-2 and COVID-19, and developed respiratory distress and hypoxia, which resulted in his untimely death on January 11, 2022.

71.     Prior to the arrival of coronavirus, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a longstanding history of failing to provide proper infection prevention and control procedures, and despite being armed with knowledge of prior public health infection events, failed to take steps to prepare to prevent the spread of future infections.

72.     As a direct and foreseeable consequence of such failures, Plaintiff's decedent LAURENCE ASHTON has sustained loss, damages, injury and death, and her survivors also suffered loss and damages as a direct consequence of the same.

73.     As set forth below, the claims asserted herein are premised on violations of residents' rights laws pursuant to Public Health Law sec. 2801-d, negligence and gross negligence, and wrongful death. Plaintiff also seeks recovery for punitive damages from the Defendants based upon the aforementioned causes of action, and conduct that was grossly reckless, willful, and wanton.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO NEW YORK PUBLIC HEALTH LAW 2801-D and 2803C

74.     That at all times hereinafter mentioned, Defendant LAURENCE ASHTON is a facility providing therein nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law §2801(2).

15

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

75.    At all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a facility providing therein nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to New York Public Health Law §2801(2).

76.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a facility providing therein nursing care without any negligence on the part of the Plaintiff decedent LAURENCE ASHTON, which caused his death.

77.    That at all times hereinafter mentioned, Defendant is a residential health care facility as defined in New York Public Health Law §2801(3).

78.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801(3).

79.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801(3).

80.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801-d.

16

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

81.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801-d.

82.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801-d.

83.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2801-d.

84.    At all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2803-c.

85.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION is a residential health care facility as defined in New York Public Health Law §2803-c.

86.    That all times hereinafter mentioned and material hereto, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION  nursing homes was a facility subject to the rules and

17

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

87.  That all times hereinafter mentioned and material hereto, Defendant, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION nursing home was a facility subject to the rules and regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

88.  That all times hereinafter mentioned and material hereto, Defendant, POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION's nursing home was a facility subject to the rules and regulations set forth in 42 U.S.C. §1395(i) et seq., and 42 C.F.R. Part 483. Public Health Law Article 28 and New York Code Rules and Regulations, Title 10, Part 415.

89.  That on or about January 8, 2020, through on or about January 11, 2022, Plaintiff's decedent LAURENCE ASHTON was admitted to and was a resident at Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION facility, and during her admission, was infected with SARS-CoV-2 and COVID-19.

90.  That on or about January 8, 2020, through on or about January 11, 2022, Plaintiff's decedent LAURENCE ASHTON was admitted to and was a resident at Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION's facility, and during his admission, was infected with SARS-CoV-2 and COVID-19.

18

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

91.    That during the course of her admission, Plaintiff's decedent LAURENCE ASHTON was caused to sustain injury due to the negligent acts or omissions of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, resulting in severe and permanent personal injuries, and untimely death.

92.    That during the course of her admission, Plaintiff's decedent LAURENCE ASHTON was caused to sustain injury due to the negligence acts and omissions of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, resulting in severe and permanent personal injuries, and ultimately death.

93.    That during the course of her admission, Plaintiff's decedent LAURENCE ASHTON was caused to sustain injury due to the negligence acts and omissions of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION, resulting in severe and permanent personal injuries, and ultimately death.

94.    That at all times mentioned herein, during his residency, Plaintiff's decedent LAURENCE ASHTON was under the exclusive care, custody, control and management of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION.

95.    That at all times mentioned herein, during her residency, Plaintiff's decedent POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION was under the exclusive care, custody, control and

19

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM    INDEX NO. EF2023-145

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/19/2023

management of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION

96.    That at all times hereinafter mentioned, during Plaintiff's decedent LAURENCE ASHTON's stay at Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION nursing homes she was infected with SARS-CoV-2 and contracted COVID-19, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION and violation of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION contract with Plaintiff's decedent LAURENCE ASHTON, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent LAURENCE ASHTON, which caused his death.

97.    That at all times hereinafter mentioned, during Plaintiff's decedent LAURENCE ASHTON's stay at Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION nursing homes she was infected with SARS-CoV-2 and contracted COVID-19, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION and violation of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION contract with Plaintiff's decedent LAURENCE ASHTON, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent LAURENCE ASHTON, which caused his death.

20

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

98.    That at all times hereinafter mentioned, during Plaintiff's decedent LAURENCE ASHTON's stay at Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION nursing home, he was infected with SARS-CoV-2 and contracted COVID-10, and suffered respiratory distress, hypoxia, and other injuries, caused by the negligence of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION and violation of Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION contract with Plaintiff's decedent LAURENCE ASHTON, laws, rules, statutes and ordinances without any negligence on the part of the Plaintiff's decedent LAURENCE ASHTON, which caused his death.

99.    That on January 11, 2022, Plaintiff's decedent LAURENCE ASHTON died.

100.    That "death" is an enumerated injury pursuant to New York Public Health Law sec. 2801-d.

101.    That at all times hereinafter mentioned, Plaintiff's decedent LAURENCE ASHTON's injuries were substantially contributed to by the negligent acts and/or omissions, willful and intentional criminal misconduct, gross negligence, reckless misconduct and intentional infliction of harm of the Defendants as well as the violation of the resident's rights pursuant to New York Public Health Law §2801-d and enumerated in New York Public Health Law §2803-c.

102.    That at all times hereinafter mentioned, Defendants had a statutorily mandated responsibility to provide Plaintiff's decedent LAURENCE ASHTON with the rights granted to nursing home residents by New York Public Health Law §2801-d and enumerated in Public Health Law §2803-c.

21

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

103. That at all times hereinafter mentioned, Defendants' responsibilities and obligations to Plaintiff's decedent LAURENCE ASHTON, as outlined in Public Health Law §2803-c, are non-delegable and Defendants had direct and/or vicarious liability for violations, deprivations and infringements of such responsibilities and obligations by any person or entity under Defendants' control, direct or indirect, including their employees. agents. consultants and independent contractors, whether in- house or outside entities, individuals, agencies, pools, or caused by Defendant's policies, whether written or unwritten, or common practices.

104. That at all times hereinafter' mentioned, Defendants, their employees, agents, consultants and independent contractors, deprived Plaintiff's decedent LAURENCE ASHTON of the rights granted to her pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

105. That at all times hereinafter mentioned, the acts and omissions committed by employees and agents of the Defendants were pervasive events which occurred since at least 2019 when Defendants were cited for improper infection control violations, and continued throughout Plaintiff's decedent LAURENCE ASHTON's residency, and were such that supervisors, administrators and managing agents of Defendants should have been aware of them.

106. That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, despite medical best practices, existing regulations, and specific COVID-19 guidance from CDC, CMS, and DOH, Defendants failed to plan and take proper infection control measures.

107. That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to maintain an infection control program with policies designed to provide a safe, sanitary, and comfortable environment in which residents vulnerable to infection reside and where their health care providers work.

22

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

108.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to have an infection control program which investigated, controlled and took action to prevent infections in the facility and to determine what procedures, such as isolation, should be utilized for an individual resident to prevent continued transmission of disease.

109.    That at all times hereinafter mentioned, and at all times before the COVID-19 pandemic, Defendant failed to isolate residents and properly sterilize and store all equipment to prevent the spread of infection.

110.    That at all times hereinafter mentioned, the Defendant acted willfully, intentionally, recklessly and with gross negligence by knowingly by implementing policies, including accepting COVID-19 positive patients and residents, failing to test patients, residents and staff, etc. with the knowledge that the policies implemented would increase the risk of contracting disease, causing sickness and death in patients and residents.

111.    That at all times hereinafter mentioned, the Defendant, it's servants, agents, and/or employees, failed to safely and properly move, monitor, supervise, assist, and/or treat Plaintiff decedent.

112.    As a result of the negligence of the Defendant, Plaintiff decedent was caused to sustain severe personal injuries to her head, face and body, obliging her to incur expenses for medical care and resulted in pain, suffering and loss of enjoyment of life.

113.    The aforementioned injuries suffered were caused by the sole negligence of the Defendant and without any negligence on the part of the Plaintiff decedent contributing thereto.

114.    That at all times hereinafter mentioned, in addition to the damages suffered by Plaintiff's decedent LAURENCE ASHTON as the result of Defendants' deprivation of his rights as a nursing home resident, Plaintiff LAURENCE ASHTON, the son  and Administrator of the

23

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

Estate of LAURENCE ASHTON, is entitled to recovery of compensatory damages pursuant to Public Health Law §2801-d, attorney's fees pursuant to Public Health Law §2801-d(6), punitive damages pursuant to Public Health Law §2801-d(2) and costs.

115.    That at all times hereinafter mentioned as a result of the foregoing acts and/or omissions, Plaintiff's decedent LAURENCE ASHTON was denied his rights under Public Health Law 32801-d, and as enumerated in Public Health Law §2803-c, and such denial caused injury.

116.    That by reason of the foregoing, Plaintiff's decedent LAURENCE ASHTON was forced to undergo medical treatment, incurred medical expense, suffered disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity and death.

117.    That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Courts, as well as punitive damages pursuant to Public Health Law §2801-d(2), attorney's fees pursuant to Public Health Law §2801-d(6) and costs.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

118.    That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if more fully set forth at length herewith.

119.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to patients, including Plaintiff's decedent LAURENCE ASHTON, to protect its patient's rights.

24

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM    INDEX NO. EF2023-145

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/19/2023

120. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to patients, including Plaintiff's decedent LAURENCE ASHTON, to protect its patient's rights.

121. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to patients, including Plaintiff's decedent LAURENCE ASHTON, to protect its patient's rights.

122. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to Plaintiff's decedent LAURENCE ASHTON to hire train, retain, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

123. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to Plaintiff's decedent LAURENCE ASHTON to hire train, retain, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

124. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to Plaintiff's decedent LAURENCE ASHTON to hire train,

25

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

retain, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent on a reasonably safe and beneficial manner.

125.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had notice of Plaintiff's decedent LAURENCE ASHTON's need of appropriate intervention to prevent injury and did not implement appropriate intervention.

126.    That at all times hereinafter mentioned, due to the negligence of Defendants, Plaintiff's decedent LAURENCE ASHTON was infected with SARS-CoV-2 and contracted COVID-19, suffered respiratory distress, hypoxia, and other injuries, at Defendants' facility, which resulted in his death.

127.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

128.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

129.    That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a duty to protect the patient from injury and to provide reasonable care under the circumstance.

26

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM
NYSCEF DOC. NO. 1

INDEX NO. EF2023-145
RECEIVED NYSCEF: 01/19/2023

130. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION negligently breached its duties owed to the Plaintiff's decedent LAURENCE ASHTON by statute and common-law.

131. That at all times hereinafter mentioned, as a result of the foregoing acts and/or omissions, Plaintiffs decedent LAURENCE ASHTON was subject to the negligence of Defendants, causing Plaintiff's decedent LAURENCE ASHTON to be forced to undergo medical treatment, incur medical expenses, suffer disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity and death.

132. That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON was damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS

133. That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint herein, as though more fully set forth herein at length.

134. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to residents, including Plaintiff's decedent LAURENCE ASHTON, to protect her nursing home resident's rights pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

27

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

135. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to residents, including Plaintiff's decedent LAURENCE ASHTON, to protect her nursing home resident's rights pursuant to Public Health Law §2801-d and as enumerated in Public Health Law §2803-c.

136. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to Plaintiff's decedent LAURENCE ASHTON to hire, retain, train, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent in a reasonably safe and beneficial manner.

137. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION owed a duty to Plaintiff's decedent LAURENCE ASHTON to hire, retain, train, and supervise employees and independent contractors, both licensed and unlicensed, so that such employees and independent contractors delivered care and services to Plaintiff's decedent in a reasonably safe and beneficial manner.

138. That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a statutory obligation to protect the nursing home resident's rights of Plaintiff's decedent LAURENCE ASHTON as set forth in Public Health Law §2803-c and to provide reasonable care under the circumstances.

28

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

139.   That at all times hereinafter mentioned, Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION had a statutory obligation to protect the nursing home resident's rights of Plaintiff's decedent LAURENCE ASHTON as set forth in Public Health Law §2803-c and to provide reasonable care under the circumstances.

140.   That at all times hereinafter mentioned, as a result of the foregoing acts and/or omissions, Plaintiff's decedent LAURENCE ASHTON was subject to the negligence of Defendants, causing Plaintiff's decedent to be forced to undergo medical treatment, incur medical expenses, suffer permanent disfigurement, disability, pain and suffering, mental anguish, loss of enjoyment of life, loss of dignity, and death.

141.   That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

142.   That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint herein, as though more fully set forth herein at length.

143.   That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION acted in so careless a manner as to show complete disregard for the rights and safety of others.

144.   That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION acted or failed to act knowing that their conduct would probably result in injury or damage.

29

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

145. That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION acted or failed to act knowing that their conduct would probably result in injury or damage.

146. That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION acted in so reckless a manner or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions or inactions.

147. That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conduct, as outlined above, was willful.

148. That at all times hereinafter mentioned, the Defendant POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR NURSING AND REHABILITATION conduct, as outlined above, was in reckless disregard.

149. That at all times hereinafter mentioned, as a result of the foregoing, Plaintiff is entitled to punitive damages, attorney's fees, and costs.

150. That at all times hereinafter mentioned, solely as a result of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts, plus punitive damages, attorney's fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR WRONGFUL DEATH AGAINST DEFENDANTS

30

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

151.    That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of the Complaint herein, as though more fully set forth herein at length.

152.    That by reason of the foregoing, Plaintiff's decedent LAURENCE ASHTON sustained severe bodily injury resulting in wrongful death.

153.    That as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON left surviving next of kin and distributes.

154.    That as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON's estate became liable for and expended money for funeral and other expenses.

155.    That as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON's estate suffered pecuniary damages.

156.    That as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON's estate sustained all other damages allowed by law.

157.    That as a result of the foregoing, Plaintiff's decedent LAURENCE ASHTON's Next of Kin have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

        **THEREFORE,** Plaintiff demands judgment against the Defendants herein on the FIRST Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts as well as punitive damages pursuant to PHL §2801-d(2), attorney's fees pursuant to PHL §2801-d(6), and costs; on the SECOND Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts; on the THIRD Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts; on the FOURTH Cause of Action in a sum which exceeds the jurisdictional limits of all lower Courts plus punitive damages, attorney's fees and costs; and on the FIFTH Cause of

31

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

Action in a sum which exceeds the jurisdictional limits of all lower Court, along with

disbursements of the action.

To:

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER FOR
NURSING AND REHABILITATION
100 Franklin Street
Poughkeepsie, New York 12601

Dated: New York, New York
    January  18  ,2023

 

JEFFREY A. GUZMAN, ESQ.
*Attorney for Plaintiff*
KRENTSEL GUZMAN HERBERT, LLP
17 Battery Place, Suite 604
New York, New York 10004
*Telephone: 212.227.2900*

32

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

## ATTORNEY VERIFICATION

JEFFREY A. GUZMAN, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the petitioner(s) in the above entitled action. That he has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason ther Petition is made by deponent and not by the petitioner(s) is that the petitioner(s) herein reside(s) in a county other than the one in which the petitioner's attorneys maintain their office.

The source of deponent's information and the grounds of her belief are communication, papers, reports and investigation contained in the file.

DATED:    New York, New York
            January 18 ,2023

JEFFREY A. GUZMAN, ESQ.

33

FILED: ULSTER COUNTY CLERK 01/19/2023 02:32 PM

NYSCEF DOC. NO. 1

INDEX NO. EF2023-145

RECEIVED NYSCEF: 01/19/2023

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

LINDA ST. PIERRE, as Administratrix of the Estate
of LAURENCE ASHTON, Deceased,

Petitioner,

-against-

POUGHKEEPSIE CROSSINGS, LLC D/B/A THE PINES AT POUGHKEEPSIE CENTER
FOR NURSING AND REHABILITATION

Respondents.

# VERIFIED COMPLAINT

**KRENTSEL GUZMAN HERBERT, LLP.**
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
17 Battery Place, Suite 604
New York, New York 10004
(212) 227-2900

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated,

Attorney(s) for

PLEASE TAKE NOTICE:
☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on          20
☐ **NOTICE OF SETTLEMENT**
that an order                    of which the within is a true copy
will be presented for settlement to the HON.       one of the judges of the
within named Court, at
on             20          at             M.
Dated,
Yours, etc.

**LAW OFFICE OF KRENTSEL GUZMAN HERBERT, LLP.**

34